**David Antonio QUEZADA–GONZALEZ, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 14-72526**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2016 San Francisco, California

Filed June 9, 2016

Gautam Jayashankar Jagannath, Esquire, Emily A. Abraham, Directors, Social

---

* The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Justice Collaborative, Oakland, CA, for Petitioner.

OIL, John Frederick Stanton, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit Judges.

MEMORANDUM *

Petitioner, a native of El Salvador, seeks review of an order of removal denying statutory withholding of removal and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252 and grant the petition for review in part. The Board of Immigration Appeals lacked substantial evidence for its finding that Quezada-Gonzalez did not have a well-founded fear of persecution in El Salvador. Gang members recognized Quezada-Gonzalez as a former police officer and searched for him in his neighborhood, forcing him to flee to his family members' homes in other towns. Gang members found Quezada-Gonzalez at both his brother's house and his sister's house. Third parties relayed that the gang members wanted to kill Quezada-Gonzalez and that the police had approved the plan to do so. As a result, Quezada-Gonzalez fled to the United States repeatedly. Three individuals who attempted to warn Quezada-Gonzalez about the gang members' search, including Quezada-Gonzalez's nephew, disappeared or were killed. Although no gang member directly communicated a threat to Quezada-Gonzalez, repeated indirect threats give rise to a well-founded fear of persecution. *See Khup v. Ashcroft*, 376 F.3d 898, 904 (9th Cir. 2004).

The Board also lacked substantial evidence for its finding that Quezada-Gonzalez's role in disrupting a particular criminal incident as a police officer could have accounted for all of the threats he received. Although one gang member in Quezada-Gonzalez's hometown identified Quezada-Gonzalez as the officer who arrested him, there is no evidence that Quezada-Gonzalez arrested the gang members who searched for him in the airport or the towns where his siblings lived. *See Madrigal v. Holder*, 716 F.3d 499, 506 & n. 3 (9th Cir. 2013).

Nor was there substantial evidence that Quezada-Gonzalez's ex-wife's personal relationship with a gang member caused his persecution. Nothing in the record suggested that the gang members who searched for Quezada-Gonzalez in three different towns had any interaction with the gang member Quezada-Gonzalez encountered at his ex-wife's home. Accordingly, this record compels the conclusion that Quezada-Gonzalez's status as a former police officer was "one central reason" for his persecution.

Quezada-Gonzalez's request for relief under the Convention Against Torture was properly denied. Quezada-Gonzalez was not tortured in the past. The Board's finding that it is not more likely than not that upon return to El Salvador Quezada-Gonzalez would be tortured by gang members with the consent or acquiescence of the government was supported by substantial evidence.

Each party shall bear its own costs.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.